This is a suit by Moses Roy and wife against Newman Gauthier and wife in which plaintiffs seek to recover damages resulting from an automobile collision alleged to have been due to the fault and negligence of Mrs. Gauthier, who was driving her husband's truck while on a community errand. There was judgment in favor of defendants rejecting plaintiffs' demands, from which judgment plaintiffs have brought this appeal.
The facts are relatively simple, and, despite the usual contradictions in the testimony of the witnesses on behalf of the respective parties, there is no serious disagreement as to the material facts.
On or about July 8, 1946, the plaintiff, Moses Roy, accompanied by his wife, was driving his 1946 Ford Tudor Sedan along the Marksville-Hessmer blacktop highway in the direction of Hessmer. At a point near the mid-portion of the left-hand curve of the highway a half-ton 1942 model Chevrolet truck driven by the defendant, Theresa Gauthier, who was accompanied by her brother-in-law, Raymond Gauthier, overtook and passed plaintiffs' automobile and pulled over into the right-hand lane immediately in front of same. After the two cars, both of which were being driven at a moderate rate of speed, about 20 miles per hour for defendants' vehicle and a slightly faster rate on the part of the truck, had proceeded some 400 feet or more, and were separated by a distance of some 40 feet, the *Page 94 
defendant brought her truck to a stop on or near the right-hand edge of the blacktop portion of the highway. Defendants' car crashed into the rear of plaintiffs' truck, which collision was the cause of the damages sustained by plaintiffs' automobile and personal injuries alleged to have been sustained by Mrs. Roy.
Plaintiffs' petition alleged that defendants' truck was brought to a complete and sudden stop immediately in front of his automobile, and that the driver of the truck immediately placed the same in reverse and backed toward defendants' car. Neither of these contentions is sustained by a preponderance of the evidence and it appears from a study of the brief of plaintiffs' able counsel that the theory of the reverse movement of the truck has in effect been abandoned. Plaintiffs' position is that the driver of defendants' truck brought the vehicle to a complete and sudden stop and in so doing violated two provisions of the Highway Regulatory Act by failing (a) to give a signal warning drivers of other vehicles of the intention to stop, and (b) to leave a clearance of not less than 15 feet upon the main traveled portion of the highway opposite the vehicle. Act No. 286 of 1938, § 3, rules 10, 15.
Upon the basis of these contentions it is argued that defendants' negligence in these particulars was the direct and proximate cause of the accident.
Considerable attention was given in argument in brief on behalf of plaintiffs to the point that defendants had failed to plead contributory negligence and that the opinion of the District Judge was in error in rejecting plaintiffs' demands on the grounds of contributory negligence. To our minds this point has no bearing upon the findings of fact as assigned by the District Judge, in which we fully concur.
Neither the failure of Mrs. Gauthier to give a signal of her intention to stop nor her failure to leave a 15-foot clearance were responsible for the accident. On the contrary, we find no difficulty in concluding that plaintiffs' negligence was the direct and proximate cause of the accident.
The gist of the testimony of the plaintiff, Moses Roy, indicates that despite the fact that he was driving his car at a speed of only 20 miles per hour some 40 feet behind plaintiffs' truck and was watching the truck at the time, he was nevertheless unable to avoid crashing into the rear of said vehicle. We can only conclude that plaintiff is in error in his belief that he was maintaining a proper lookout for, in such event, even conceding that the leading vehicle was brought to a sudden stop, which we do not find to have been the fact, certainly plaintiff's automobile should have been under such control as to enable him to have brought it to a stop in sufficient time to avoid the collision. This is the same conclusion which was reached by the District Judge as expressed in these words in his opinion: "* * * if he had been looking ahead as he says he was, he should have seen what he was expected to see especially so since there was nothing ahead of him but defendant's truck parked at the spot where the collision took place."
In view of our finding of fact, which is in complete accord with that of the lower Court, we deem it unnecessary to enter into a discussion of the numerous authorities cited in behalf of plaintiffs, which are clearly not applicable under the facts existing in this case.
For the reasons assigned, the judgment appealed from is affirmed at appellants cost.
KENNON, J., absent. *Page 95